IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA   : | |
|     Plaintiff   : | |
| : | |
| v.   : | CRIMINAL NO. 1:CR-89-078 |
| : | |
| TOFFY COLON,   : | |
|     Defendant   : | |

*M E M O R A N D U M*

I.   *Introduction*.

Invoking Fed. R. Civ. P. 60(b)(1) through (6), Defendant, Toffy Colon, has filed a pro se motion for relief from our order of February 11, 1993, denying his first motion under 28 U.S.C. § 2255. In light of *Gonzalez v. Crosby*, ___ U.S. ___, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), Defendant frames his motion as one seeking to correct a defect in the integrity of the 2255 proceedings. However, the claims presented in the Rule 60(b) motion are ones that either challenge the constitutionality of Defendant's criminal conviction and sentence or the correctness of two of the substantive rulings on the 2255 motion. As such, Defendant's filing is really a successive 2255 motion, and he must first seek the permission of the court of appeals before we can entertain it.

II.     *Background*.

In September 1989, a jury convicted Colon on both counts of a two-count indictment.  Count I had charged him with a conspiracy to distribute multiple kilo quantities of cocaine between July 1987 and August 1988 and count II with the distribution of three kilograms of cocaine on July 2, 1988.  In December 1989, after a court finding that the offenses involved at least fifteen kilograms of cocaine, he was sentenced to concurrent sentences of 400 months on each count, to pay a total of $100 to the United States as a special assessment of $50 on each count, and to five years of supervised release on each count concurrently.  Represented by a different counsel than his trial attorney, the defendant took a direct appeal which the Third Circuit denied in an unpublished judgment order, dated July 17, 1990.  *See United States v. Colon*, Nos. 89-5985 & 90-5047 (3d Cir. July 17, 1990).

On November 2, 1992, Colon filed his first 2255 motion. We denied that motion by order of February 11, 1993, the subject of the current motion for relief from judgment.  In his motion, Colon claimed that both his trial counsel and his appellate counsel were ineffective in failing to object to the following: (1) a defect in count II of the indictment which failed to charge him with distributing cocaine with the requisite knowledge and intent; (2) the court's instruction on count II which did not

2

properly instruct the jury on the "scienter" element of 21 U.S.C. § 841(a); (3) the prosecutor's prejudicial references to one murder, one shooting, one shootout, and an injury in an automobile accident which had nothing to do with the charges against Defendant; (4) the prosecutor's improper vouching for his witnesses which included an improper reference to the fact that Gerald Smith, the main witness against Defendant, had testified in other trials; (5) the submission to the jury of the unredacted plea agreements of the witnesses against Defendant which contained "cooperation and polygraph" clauses improperly bolstering the witnesses' testimony; and (6) the prosecutor's rebuttal argument in closing to the jury which inflamed their passions against Defendant.

In rejecting these claims, we noted in the memorandum accompanying the order that count II had indeed failed to charge a necessary element of the offense, that Defendant had distributed the cocaine knowingly, but we decided that Defendant had not been prejudiced by this omission and that we would not disturb the conviction on collateral proceedings. The Third Circuit affirmed in an unpublished judgment order, dated October 13, 1993. *See United States v. Colon*, No. 93-7138 (3d Cir. Oct. 13, 1993).

In December 1993, Colon filed a second 2255 motion. In that motion, he argued, in part, that the 400-month sentence he was given on the conspiracy conviction violated the Ex Post Facto

3

Clause because it was based on a statutory amendment to 21 U.S.C. § 846 which had taken effect after the conspiracy had ended. We noted that this claim had "support in the case law," citing *United States v. Moon*, 926 F.2d 204 (2d Cir. 1991). On March 30, 1994, we denied the motion because it presented claims that had not been brought in the original 2255 motion, and Defendant could not excuse his failure to do so. The Third Circuit affirmed on September 23, 1994. *See United States v. Colon*, No. 94-7251 (3d Cir. Sept. 23, 1994).

Thereafter, Colon sought additional postconviction relief, including two applications in the court of appeals to file successive 2255 motions, *see In re: Toffy Colon*, C.A. Nos. 01-1964 and 06-1103 (3d Cir.), but they were all denied.

The current motion raises the following issues. First, the original 2255 ruling on February 11, 1993, lacks integrity for the following reasons. The court had no jurisdiction to impose a 400-month sentence on count I because: (1) 21 U.S.C. § 846, as it currently reads, was used to calculate the sentence imposed on count I, but had not been enacted by the time the conspiracy ended, as the court noted in its March 30, 1994, order denying the second 2255 motion;[1] and (2) no cocaine quantity was mentioned in

---

[1] Parenthetically, we do not agree with Defendant that we decided the claim had merit. We simply noted that it had support in the case law. The PSR indicates the sentence was calculated not on the basis of section 846 as it was made

4

count I.  Second, the court lacked jurisdiction over count II because that count failed to assert an essential element of the crime, that the distribution had been done knowingly and because that element had been left open in the jury's verdict in violation of *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

  Defendant's substantive claims are as follows.  First, the 400-month sentence on count I violates the Fifth Amendment because the indictment only charged a three-kilogram quantity of cocaine (the sentence imposed was based on fifteen kilograms) and included none of the enhancements that were used to establish the sentence: possession of a firearm during commission of the offense, Defendant's role as organizer or leader, and obstruction of justice.  Nor did it include the element of intent for the distribution offense in count II.  The sentence also violates the Sixth Amendment because the jury was not instructed to find a drug quantity, or any of the other bases for imposing sentence.  Further, no finding was made by the jury on these elements beyond a reasonable doubt.

---

effective on November 18, 1988, but on then current sentencing guidelines.  (PSR, ¶ 22).

III.  *Discussion*.

Defendant relies on *Gonzalez v. Crosby*, ___ U.S. ___, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), to file this Rule 60(b) motion on the ground that *Gonzalez* makes Rule 60(b) "available to challenge the integrity" of a district court's prior 2255 ruling. (Doc. 133, Rule 60(b) motion at p. 10).  Defendant asserts that in this "Post-*Booker* sentencing world," (doc. 133, Rule 60(b) motion at p. 10), *see United States v. Booker*, 543 U.S. 229, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), he is entitled to relief from the February 11, 1993, order.

We agree with Defendant that the Supreme Court stated in *Gonzalez* that a Rule 60(b) motion is available to "attack[ ]" . . . some defect in the integrity of the federal habeas proceedings." 125 S.Ct. at 2648, 162 L.Ed.2d at 493.[2]  However, we disagree that the claims Defendant presents go to the integrity of our February 11, 1993, order denying his first 2255 motion.[3]

---

[2] *Gonzalez* dealt with a state defendant's petition under 28 U.S.C. § 2254, but it applies to 2255 motions as well. *See United States v. Whyte*, 2006 WL 751385 at *1 (3d Cir. 2006); *United States v. Scott*, 414 F.3d 815 (7th Cir. 2005)(applying *Gonzalez* to a 2255 motion); *United States v. Terrell*, 141 Fed. Appx. 849, 851 (11th Cir. 2005)(nonprecedential)(explicitly stating that *Gonzalez* applies to 2255 proceedings).

[3] Defendant also asserts that a Rule 60(b) motion is available when the court's "prior ruling was based upon incorrect or erroneous interpretations of the law and correcting that prior erroneous decision is necessary to maintain the integrity of the judiciary." (Rule 60(b) motion, p. 10). However, the cases he cites in support of this proposition do

6

As the court stated in *Gonzalez*, a claim going to the integrity of the federal habeas proceedings would, for example, involve fraud on the court. 125 S.Ct. at 2648 n.5, 162 L.Ed.2d at 493 n.5. But none of Defendant's claims involve fraud, or a similar claim.

Defendant attempts to assert that our ruling lacked integrity because we had no jurisdiction in the original criminal proceedings on the following grounds. First, because 21 U.S.C. § 846 was used in an improper ex post facto way and because no cocaine quantity was mentioned in count I, we had no jurisdiction to impose a 400-month sentence on count I. Second, the court lacked jurisdiction over count II because that count failed to assert an essential element of the crime, that the distribution had been done knowingly, and because that element had been left open in the jury's verdict on count II.

We reject the argument on two grounds. First, a lack of jurisdiction in the original criminal proceedings would not have destroyed the integrity of the 2255 proceedings. Second, and more importantly, none of these reasons is a ground for concluding that we lacked jurisdiction in the original criminal proceedings

---

not deal with Rule 60(b). In *Reserve Mining Co. v. Lord*, 529 F.2d 181 (8th Cir. 1976), the court dealt with a petition for writ of mandamus. In both *Powers v. Bethlehem Steel Corp.*, 483 F.2d 963 (1st Cir. 1973), and *Perkins v. Standard Oil Co.*, 487 F.2d 672 (9th Cir. 1973), it was a motion for recall of the mandate.

7

themselves. *See United States v. Cross*, 308 F.3d 308, 314 n.10 (3d Cir. 2002)(noting that 18 U.S.C. § 3231 confers jurisdiction on district courts to try federal criminal cases and that 28 U.S.C. § 2255 confers jurisdiction to entertain 2255 motions).

Further, this jurisdiction extends to sentencing issues although the Sixth and Fifth Amendments confer on a defendant the right to have the jury decide any issue that would enhance a sentence and to do so under a reasonable-doubt standard. *See Harris v. Warden*, 425 F.3d 386, 389 (7th Cir. 2005)(rejecting the defendant's claim that *Apprendi* and its progeny meant that the district court lacked jurisdiction to sentence him), *cert. denied sub nom. Harris v. Bledsoe*, 126 S.Ct. 1159, 163 L.Ed.2d 1014 (2006).[4] As support, *Harris* cited *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860, 867 (2002),

---

[4] *Booker* is the culmination of a line of cases starting with *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000). Under the Fifth and Sixth Amendments, *Apprendi* required that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 490, 120 S.Ct. at 2362-63, 147 L.Ed.2d at 455. *Blakely v. Washington,* 524 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004), applied *Apprendi* to any factual finding allowing a sentence increase, eliminating the statutory-maximum element. *Booker* extended *Blakely* to the federal sentencing guidelines, allowing their use by the judge at sentencing only in an advisory capacity. The other case in this line, *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), held that the jury, rather than the judge, had to make the fact-finding necessary to impose a death sentence.

in which the Supreme Court ruled that defects in an indictment do not deprive a district court of jurisdiction to adjudicate a criminal case and rejected the defendant's *Apprendi* claim that the failure of the indictment to allege drug quantity deprived the district court of the power to try the case against him.  *See also United States v. Davis*, 348 F. Supp. 2d 964, 967 (N.D. Ind. 2004) (rejecting claim that *Blakely* deprived the court of jurisdiction to impose that portion of the sentence based on drug quantity and gun possession, noting that "United States district judges always have subject-matter jurisdiction over indictments charging a violation of federal criminal laws, including the power and jurisdiction to impose sentence")(citing *Cotton*, in part).

In *Gonzalez*, the Court stated that if a Rule 60(b) motion presents a claim that "attacks the federal court's previous [federal habeas] resolution of a claim *on the merits*, it should be treated as a successive habeas petition, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  125 S.Ct. at 2648, 162 L.Ed.2d at 492 (emphasis in original)(footnote omitted)(brackets added).

In the instant case, one of Defendant's substantive claims can arguably be characterized as such a claim, the claim that the indictment failed to allege the requisite element of

9

intent and that we therefore erred when we decided in his 2255 proceedings that the absence of that allegation was not fatal to the conviction. As such a claim, however, *Gonzalez* makes clear that it is subject to the limitations on the filing of a successive 2255 motion, and therefore permission to pursue it must first be obtained from the court of appeals. See 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A).[5]

As for the remaining claims, they do not call into question the correctness of the February 11, 1993, order, but they do attack the original conviction. They are also new. Thus, they also must be treated as being part of a successive 2255 motion subject to the requirement of first being permitted by the court of appeals. *See Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) ("when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition").

Defendant's first 2255 motion was filed before the 1996 change in the law requiring a defendant to seek the permission of

---

[5] We note that Defendant complains that we have dismissed claims in the past on the basis of procedural default, a reference to our dismissal of his second 2255 motion. In *Gonzalez*, the court stated that a claim that a court erred in dismissing a habeas petition without a merits determination on the basis of a procedural default would not be a habeas corpus claim subject to the limitations on a successive petition. 125 S.Ct. at 2648 n.4, 162 L.Ed.2d at 492 n.4. Here, however, Defendant does not argue that the dismissal on procedural grounds was error.

10

the court of appeals before filing a second or successive 2255 motion but there are no ex post facto implications from requiring Defendant to do so here.  This is merely a procedural requirement that is not affected by ex post facto concerns.  *See United States v. Roberson*, 194 F.3d 408, 413 n.2 (3d Cir. 1999).

    We will issue an appropriate order.  Based on the foregoing, we will also deny a certificate of appealability.  However, Defendant is advised that he can still appeal our order denying his Rule 60(b) motion as long as he also seeks a certificate of appealability from the court of appeals.

    /s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 7, 2006

11

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
         Plaintiff            :
                              :
                              :
         v.                   :   CRIMINAL NO. 1:CR-89-078
                              :
                              :
TOFFY COLON,                  :
         Defendant            :
```

*O R D E R*

AND NOW, this 7th day of June, 2006, it is ordered that:

    1. Defendant's motion under Rule 60(b) for relief from the order of February 11, 1993, is dismissed.

    2. A certificate of appealability is denied.

    3. Any appeal of this order would not be good faith.

                                           <u>/s/William W. Caldwell</u>
                                           William W. Caldwell
                                           United States District Judge